UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

R. Veejay Deosaran,                                          Case No.  3:25-cv-0811

            Plaintiff,

      v.                                                      MEMORANDUM OPINION
                                                                  AND ORDER
Brett A. Perkins, et al.,

            Defendants.

## I.    INTRODUCTION

*Pro se* Plaintiff R. Veejay Deosaran filed this civil rights action against Tri-County Rural

Electric Cooperative, Inc. ("Tri-County Electric"), Tri-County Electric employee Brett A. Perkins,

Henry County, Ohio, former Henry County Sheriff Michael D. Bodenbender, Henry County

Prosecutor Gwen Howe-Gebers, the City of Napoleon, Ohio, and Napoleon City Prosecutor Billy

D. Harmon, Jr.  (Doc. No. 1).  This case arises from Plaintiff's 2017 arrest and prosecution on drug

paraphernalia charges in the Napoleon Municipal Court.  Although Plaintiff pled guilty to the charge

in 2017, he attempted to withdraw that plea in 2025 and was unsuccessful.  He now brings ten

federal claims and three state law claims against the Defendants for their alleged roles in the events

that led to his conviction.  He seeks declaratory relief, expungement of his conviction, and monetary

damages.

The Defendants filed motions to dismiss.  (Doc. Nos. 14, 16).  All Defendants assert that

Plaintiff's claims are barred by the statute of limitations.  The City of Napoleon Defendants and the

Henry County Defendants also assert that Plaintiff's claims are barred by the doctrine set forth in

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  They contend Harmon and Howe-Gebers have absolute immunity for claims brought against them for their actions as prosecutors.  Finally, they claim that Plaintiff has not demonstrated that Henry County or the City of Napoleon can be held liable for the actions of their officers or employees citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978).  For the reasons stated below, I grant both motions.

## II.    BACKGROUND

On June 21, 2017, a Tri-County Electric employee went to Plaintiff's house to speak with him about the outstanding balance on his account and to advise him that the power could be shut off to the property if the balance was not promptly paid.  Plaintiff describes this employee as a "large-built male" who "aggressively pound[ed] on the front door."  (Doc. No. 1 at 9-10).  Plaintiff claims that he suffers from Post Traumatic Stress Disorder ("PTSD"), a panic disorder, and a generalized anxiety disorder.  (*Id.* at 10).  He states that the encounter triggered an immediate panic attack.  (*Id.*).  He indicates he remained behind the glass screen door and, after he instructed the employee to leave, the employee complied with the request.  (*Id.*).  Plaintiff immediately contacted Tri-County Electric, resolved the unpaid balance, and requested that all future contact be made either by phone or mail.  (*Id.*).

The following day, Henry County Sheriff's Deputy Mark Glanz, along with Perkins and other Tri-County Electric employees, arrived at Plaintiff's residence to replace Plaintiff's electric meter.  (*Id.* at 11).  Glanz requested Plaintiff provide identification.  (*Id.*).  Plaintiff alleges Glanz became "visibly irritated" when he declined, so Plaintiff repeated his drivers license number from memory.  (*Id.*).  Tri-County Electric completed the replacement without further incident.

Plaintiff alleges that following the visit, Glanz and Perkins returned to the Tri-County Electric substation and reviewed Plaintiff's usage data.  (*Id.* at 12).  Based on this data and an apparent odor of marijuana at Plaintiff's residence, Glanz obtained a warrant for a nighttime search

2

of Plaintiff's residence. (*Id.*). That evening, multiple officers, including Sheriff Bodenbender and Deputy Glanz, executed the search warrant at Plaintiff's home. (*Id.* at 12-13). Plaintiff asserts officers did not find any marijuana plants, marijuana residue, narcotics, growing equipment or drug trafficking equipment, only glass components for a vaporizer unit and tobacco-related smoking accessories. (*Id.* at 13). Plaintiff allegedly had those items because he had a prescription for medical marijuana. (*Id.*). He further alleges he offered officers medical documentation of his medical cannabis use but that the officers did not review the documents. (*Id.*).

Plaintiff was charged in the Napoleon Municipal Court with a minor misdemeanor of possession of drug paraphernalia. *See State of Ohio v. Deosaran*, No. CRB1700530 (Napoleon Mun. Ct. July 10, 2017). He presented his medical documentation during his arraignment on July 10, 2017, but he claims neither the court nor the prosecutor were interested in reviewing it. (Doc. No. 1 at 15). Plaintiff asserts he was unable to find an attorney that was willing to take his case before the hearing because they allegedly were "preemptively influenced or warned" not to take his case. (*Id.*). Proceeding *pro se*, Plaintiff contends that he felt pressured to avoid trial and, with no access to impartial legal assistance, agreed to plead guilty to the charge at the arraignment and pay the fine and court costs. (*Id.*).

Plaintiff alleges the trauma of the raid, his arrest, and what he perceived as procedural unfairness continued to have an effect on his mental health, his marriage, his job, and his personal life. (*Id.* at 16-17). On April 11, 2025, he filed a motion to withdraw his guilty plea in the Napoleon Municipal Court. (*Id.* at 18). He also asked the court to disqualify the prosecutor, suppress the evidence taken from his home in 2017, and conduct a hearing. (*Id.*). The court denied all the motions *sua sponte* on April 16, 2024. (*Id.*).

Plaintiff pleads fourteen claims, though several of his claims are repetitive, and one is not a legal claim, but merely a request for declaratory relief.  I have grouped the repetitive or related claims together.

First, Plaintiff claims that Deputies Glanz and Pieracini, Sheriff Bodenbender, Prosecutor Howe-Gebers, and Henry County submitted a materially false and misleading affidavit to obtain a warrant for a nighttime search.  He claims the warrant was not supported by probable cause in violation of the Fourth Amendment.

Second, Plaintiff claims that Tri-County Electric Employee Perkins, Deputy Glanz, Prosecutor Harmon, Henry County and Napoleon County retaliated against him for asserting his "private property rights" in violation of the First Amendment.  (Doc. No. 1 at 27).

Third, he contends that Glanz, Pieracini, Bodenbender, Howe-Gebers, Harmon, Henry County, and the City of Napoleon failed to perform a minimum inquiry into the circumstances surrounding the request for a search warrant.  He asserts this denied him procedural due process.

Fourth, Plaintiff asserts that Henry County and Tri-County Electric failed to provide him with reasonable accommodations for his disability in the law enforcement nighttime raid and court proceedings and refused to examine documentation of his medical need for marijuana.  He claims this is a violation of the Americans with Disabilities Act ("ADA").  He further contends that Henry County and the City of Napoleon retaliated against him in violation of the ADA by denying his motion to withdraw his guilty plea.

Fifth, he asserts that Perkins, Glanz, Pieracini, Howe-Gebers, Harmon, Henry County and the City of Napoleon engaged in a conspiracy to violate his civil rights under 42 U.S.C. § 1983 by collaborating to obtain the search warrant and by refusing to consider his medical documentation at the arraignment.

Sixth, Plaintiff alleges Henry County, the City of Napoleon and Tri-County Electric can be held liable for the actions of their employees because they maintained policies and customs promoting the violations or failed to properly train employees.  He similarly claims that Bodenbender, Howe-Gebers, and Harmon can be held liable for the actions of others because they should have questioned the constitutionality of the warrant and the criminal proceedings but did not do so.

Seventh, Plaintiff claims Glanz, Harmon, Perkins, and Henry County denied him equal protection under the Fourteenth Amendment because he was treated more harshly than others who were investigated for marijuana cultivation and meter tampering.

Eighth, he claims Harmon and the City of Napoleon denied him access to the courts by denying his Motion to Withdraw his Guilty Plea.

Finally, Plaintiff asserts state law claims for abuse of process, intentional infliction of emotional distress, and violations of the Ohio Constitution.

### III.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment.  Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

5

### IV.    ANALYSIS

Plaintiff's claims are barred by the applicable statutes of limitations.  Plaintiff's claims under the First, Fourth, and Fourteenth Amendments (Counts I, II, III, X, and XII of his Complaint) arise under 42 U.S.C. § 1983, as do his civil conspiracy claim (Count V) and his supervisory/municipality liability claims (Counts VI and XIII).  Ohio's two-year statute of limitations for bodily injury applies to §1983 claims as well as to ADA claims.  *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (en banc); *McCormick v. Miami Univ.,* 693 F.3d 654, 664 (6th Cir. 2012).

Federal law governs the question of when the limitations period begins to run.  *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003).  The general rule is that the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action.  *Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir. 2007) (citations omitted).  A "plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Id.* (citation and internal quotation marks omitted).  *See also Roberson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005).  This is an objective test under which a court determines "what event should have alerted the typical lay person to protect his or her rights." *Sharpe,* 319 F.3d at 266 (citations and internal quotation marks omitted).

Plaintiff's §1983 and ADA claims are based on the search of Plaintiff's residence, his arrest, and his subsequent prosecution.  Thus, he was on notice of the incidents giving rise to these claims in 2017, and the statute of limitations expired over six years ago.

Plaintiff's access to courts claim under the First Amendment is based in part on his 2017 arraignment and in part on the Napoleon Municipal Court's denial of his 2025 motion to withdraw his guilty plea.  His claim as it pertains to his 2017 court appearance is barred by the two-year statute of limitations.

His claim as it pertains to his 2025 attempt to withdraw his guilty plea is not barred by the statute of limitations, but it fails to state a claim upon which relief may be granted.

To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff claims prosecutor Harmon failed to respond to his motion to withdraw his guilty plea. But he does not allege Harmon in anyway impeded the filing of the Motion. Plaintiff also alleges that the City of Napoleon, "acting through it court structure and legal officers refused to hold a hearing or review the documentation." (Doc. No. 1 at 43). This too is not a denial of access to the courts. Plaintiff was able to present his claim to the courts. *See Lewis*, 518 U.S. at 351 (noting the right to access the courts protects only the right to present a claim to the court). He was not denied access to the courts simply because the court did not rule favorably on his motion.

Furthermore, even if Plaintiff's other claims were not barred by the statute of limitations, they would be subject to dismissal because he cannot collaterally attack his conviction in a civil rights action. Plaintiff claims that the warrant to search his house was not based on probable cause, that he was denied due process at the arraignment, and Defendants refused to consider mitigating information he presented regarding his medical need for marijuana. He claims that all of these actions led to his conviction in violation of his constitutional rights. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Plaintiff pled guilty to the charges against him. Although he now disputes the wisdom of entering that plea, his claims regarding the search, his arrest, and his arraignment attack the validity

7

of his conviction.  He cannot bring these claims in a civil rights action because his conviction has not been reversed.

Plaintiff's only allegation against Pieracini is that he "contributed to the probable cause affidavit." (Doc. No. 1 at 7).  He does not elaborate on this statement.  The Affidavit Plaintiff attaches to his Complaint contains no mention of Pieracini.  It is signed only by Glanz.  Plaintiff even states that "it is unclear whether [Pieracini] was physically present during the execution of the warrant." (Doc. No. 1 at 12).  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *See, e.g., Childress v. City of Cincinnati, Ohio*, 765 F. Supp. 3d 662, 689 (S.D. Ohio 2025) ("[A] plaintiff 'must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).  Plaintiff does not allege any facts which reasonably suggest the specific actions in which Pieracini engaged that violated his constitutional rights.

Finally, Plaintiff attempts to hold the City of Napoleon liable for the actions of its judge and prosecutor.  Claims against the City must be based on constitutional violations that occurred as the result of the City's own official policy enacted by its lawmakers, *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978)), or by the City's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691.

Plaintiff cannot sue a local government entity under § 1983 on the theory of *respondeat superior*, meaning that Plaintiff cannot sue the City merely for the actions of its employees or officials. *Id.* at 692-94.  The claims must be based on the City's own wrong-doing.  Therefore, to demonstrate that the City's policies or customs caused constitutional harm, Plaintiff must "(1)

8

identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the City), and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citation omitted). Plaintiff does not identify any City policy or custom that allegedly drove the decisions of the prosecutor and the judge.  Therefore, Plaintiff cannot hold the City liable for those actions.

## V.   CONCLUSION

For the reasons stated above, I grant Defendants' motions to dismiss.  (Doc. Nos. 14 and 16).  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge